S. FRANKLYN WOODCOCK *v.* PHILIP C. DENNIS
[No. 33, April Term, 1938.]

10

*Decided June 14th, 1938.*

The cause was argued before BOND, C. J., URNER, OFFUTT, SLOAN, MITCHELL, and SHEHAN, JJ.

*Joseph Y. Gunby* and *William W. Travers*, with whom were *Woodcock, Webb, Bounds & Travers* and *Henry & Henry* on the brief, for the appellant.

*L. Paul Ewell* and *V. Calvin Trice*, with whom was *William G. Kerbin, Jr.*, on the brief, for the appellee.

SHEHAN, J., delivered the opinion of the Court.

This is an appeal from a judgment of the Circuit

Court for Dorchester County, in favor of Philip C. Dennis against S. Franklyn Woodcock, the appellant, who has for many years been engaged in the sale of real estate in various sections of the Eastern Shore. The appellee conducts a hotel at Berlin in Worcester County. In the early part of 1934 he purchased two farms in that County, the one known as the "Tingle" Farm and the other the "Jess Taylor" Farm. Both of these farms were placed in the hands of the appellant for sale. The Taylor farm was sold by Mr. Dennis himself and is not the subject of consideration in this case. We are here dealing with the sale of the Tingle Farm. Mr. Woodcock represented to Mr. Dennis that he was having much difficulty in interesting persons in the purchase of this farm and it would be necessary to widely advertise it, and for this reason, and others, Mr. Woodcock was given the exclusive right to sell this property and to receive ten per cent. commissions on the price obtained.

There is much conflict in the testimony, but it is sufficient to say that there was evidence legally sufficient to enable the jury to find the state of facts now to be recited.

The price named by Mr. Dennis to his agent, Woodcock, was either $3,000 or $3,500. Numerous conferences ensued between the parties, mostly at the hotel in Berlin, Maryland, and on the 14th of November Mr. Woodcock telephoned the appellee that an offer of $3,000 for the farm had been received. Mr. Dennis urged Woodcock to endeavor to get an amount above that offer, sufficient to pay his commissions. The appellant then stated that he would call Mr. Dennis back, which he did, in about an hour, and said his client would not give more money and advised Dennis to accept the offer. Woodcock did not disclose the name of the purchaser at that time; but said he had hunted high and low for a buyer around New York and elsewhere, but he had sold the farm there in Salisbury. Dennis agreed to sell at the price named, because Woodcock told him "he could not do any better". In the afternoon of the same day, at the request of Woodcock, Dennis, together with his wife,

went to Salisbury and executed a deed for the property to Mary E. Toadvin. This was on the 14th day of November, 1934. Woodcock had urged Dennis to hurry over to Salisbury to sign the deed, which had already been prepared by Woodcock, before his client changed her mind. After the deed had been executed Dennis left it with Woodcock with the understanding that settlement would be made in a few days, at which time Woodcock should deliver it to the purchaser. About three days after this Woodcock sent a check to Dennis for $1,093.43, which was the balance of the $3,000, after paying a mortgage on the property to the Snow Hill Bank, taxes then due, and retaining ten per cent., or $300, commissions for himself. On December 12th, 1934, this farm was conveyed by deed from Annie E. Toadvin to Dudley Butler and wife, strangers to Mr. Dennis.

In the following summer, Mr. Dennis discovered that Woodcock had sold this farm to Mr. Butler and wife for $6,500, and that this sale, in consequence of preceding negotiations, had been consummated on the very day (November 14th, 1934) that Mr. Dennis and his wife had executed the deed to Mrs. Toadvin, and in spite of the above recited representations made by Mr. Woodcock, in hurriedly securing its execution. As a matter of fact, Mrs. Toadvin took no beneficial interest in the farm and acted only for Mr. Woodcock. The completion of the transaction between Woodcock and Butler is evidenced by a telegram from S. Franklyn Woodcock to Dudley Butler, dated November 14th, 1934, as follows: "Have closed deal on farm for you need not bother your cousin to send money let me know where I can write you."

After Dennis discovered that Woodcock had sold the farm to Butler and wife under the circumstances above recited, he brought suit to recover the balance due of $6,500, the sales price obtained by Woodcock from Butler, after deducting the amount Woodcock had already paid to or for Dennis. The jury returned a verdict of $1,900 in favor of Dennis and, from the judgment entered there-

on, the defendant appealed. As above stated there is much conflict in the testimony by the parties to this suit. There is no denial, however, that the Tingle farm was placed in the hands of Mr. Woodcock for sale and that it was actually conveyed to Mrs. Toadvin for $3,000, and was settled for at that price, and on the same day a sale was consummated by Woodcock to Butler for $6,500. Mr. Woodcock denies the details of this transaction between his client and Mrs. Toadvin, and gives, as a reason for the transfer to Mrs. Toadvin, the difficulties that he was then having with his wife. He also states that he had previously bought the farm from Mr. Dennis, at a time when an offer from one Bridgeman for $6,500 had been declined by Mr. Dennis because of the unsatisfactory proposals for settlement at that price, that having bought the farm his agency with Dennis ceased. He states that he paid the sum of five dollars, on account of the purchase price, and took a receipt for it from Mr. Dennis. This Mr. Dennis denies, and the receipt was not produced because the appellant stated that it had been lost. Such conflicts in testimony are to be weighed by the jury in considering the case in rendering the verdict.

In the several exceptions reserved to testimony we find no reversible error, in fact, the only two points stressed in the arguments are those arising on the demurrer to the declaration, which the lower court overruled, and to the rejection of the third prayer of the defendant. The eighth count of the declaration covers eight pages of the printed record, and sets forth at great length and prolixity, and in the most complex manner, the facts in the case. It seems to be a statement of evidence rather than a declaration and pleading. There are seven common counts filed and in connection with these counts there is a bill of particulars, which is as follows:

"The plaintiff claims from the defendant the sum of six thousand and five hundred dollars ($6,500.00), being the sale price of the farm mentioned in the plaintiff's declaration by the defendant to Dudley Butler and Charlotte Butler, his wife, less the sum of two thousand and seven

hundred dollars ($2,700.00), paid to the plaintiff by the defendant thus leaving the amount claimed by the plaintiff three thousand and eight hundred dollars ($3,800.00), with interest thereon from the date the said Butler and wife paid the defendant the said purchase price".

The defendant filed a motion *ne recipiatur* to the bill of particulars on the ground of its insufficiency. We think that this objection was not well-taken, either as to form or substance. An exception to its sufficiency would have been the proper course to pursue in that respect. As to the substance of the bill of particulars, we think that it was sufficient. It refers to "each and every one of the counts" of the declaration and fully apprises the defendant of the plaintiff's claim; and furthermore, shows the intention of the plaintiff to rest his entire action in contract, although it is contended that the eighth count of the declaration states an action on the case for fraud and deceit, rather than an action in contract. It is obvious that the recital of facts in the eighth count was intended to show the manner in which the contract had been violated, and in consequence of which damage was sustained by the plaintiff. *De Crette v. Mohler,* 147 Md. 108, 115, 127 A. 639; *Buechner v. Goodman,* 174 Md. 131, 197 A. 586.

The defendant, nevertheless, demurred to the declaration and says, "the plaintiff's declaration, and each and every count is insufficient in law". The trial court, in overruling the demurrer, held that the declaration, and each and every count, as amplified by the bill of particulars, was sufficient in law.

It is contended that counts in contract have been erroneously joined with a count in tort, and that defect, if it existed, was reached by the demurrer. 1 *Poe, Pl. & Pr.,* section 286. But it is apparent from the record that appellant was not harmed by the misjoinder of counts, if there was such a misjoinder, because he was, by the bill of particulars, fully and fairly apprised of the facts and the theory upon which the plaintiff's claim was based and upon which the case was tried. There is no doubt,

however, that seven of these counts are good, and although the eighth count may be criticized for duplicity, prolixity and other matters of form, yet the facts alleged do, in connection with the bill of particulars, state a cause of action. The defendant, therefore, was not injured by the ruling on the demurrer. The court, in overruling the demurrer, did not, therefore, commit reversible error.

The more difficult question in this case is presented by the rejection of the defendant's third prayer, wherein the court was asked to instruct the jury, "that the burden of proof rests upon the plaintiff to establish by a preponderance of evidence that the relationship of principal and agent existed between the plaintiff and the defendant at the time the defendant began negotiations for the sale of the "Tingle" farm to Dudley Butler and wife, and if the minds of the jury shall be in a state of even balance or equipoise as to whether or not such relationship of principal and agent then existed between the plaintiff and the defendant, then the verdict of the jury must be for the defendant."

There are cases in which this prayer would be appropriate, but in the instant case, we think, it was properly rejected. It restricted the findings of the jury to the single fact; the existence of an agency between the parties as to the time negotiations were begun with Butler for the sale of the farm, and imposed upon the plaintiff the burden of proving that. The law does not sanction such an instruction under the circumstances of this case, for it is well established as a rule of law that, where an agency has been shown to exist, the burden of proving termination of the agency is upon one relying on that fact (*American Jurisprudence*, vol. 2, sec. 442), so that in an action on a contract the defendant has the burden of proving that the plaintiff abandoned the contract or ended it, where he relies upon that as a defense. 21 *Ruling Case Law*, sec. 7; *Ross v. Stevens*, 45 N. J. Eq. 231, 232, 11 A. 114, 13 A. 225, 19 A. 622. And in *Bergner v. Bergner*, 219 Pa. 113, 67 A. 999, it is stated that: "Where

an agency has been once entered upon, except the contrary be shown, the law will presume that whatever was done in furtherance of the original scheme which the agency was created to effect, was done under and through the agency. The burden of showing that the relation was changed before or during the transaction, rests upon the party so affirming".

The defendant contended that the relation of principal and agent between him and Mr. Dennis were terminated before negotiations began between him and Mr. Butler, the ultimate purchaser. Under the above authorities the burden of proof to show this change or termination of the agency was upon him, because he asserted it and relied upon it. Consequently, the third prayer was properly refused.

Finding no reversible error in the rulings presented on the record, the judgment in this case should be affirmed.

*Judgment affirmed, with costs to the appellee.*