## McCORMICK *v.* ST. FRANCIS DE SALES CHURCH ET AL.

[No. 178, September Term, 1958.]

424

*Decided March 20, 1959.*

The cause was argued before HENDERSON, HAMMOND and PRESCOTT, JJ., and DIGGES, Associate Judge of the Seventh Judicial Circuit, specially assigned.

*John W. T. Webb,* with whom were *Webb & Travers* on the brief, for appellant.

*Richard E. Cullen* and *Merton F. Filkins,* with whom were *W. Edgar Porter* and *Porter & Cullen* on the brief, for appellees.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from an order granting motions *ne recipiatur*

and to strike from the record a declaration filed. by the appellant. Suit had been filed against St. Francis de Sales Church, a Maryland religious corporation, Monsignor Stout, pastor of the congregation of the Roman Catholic Church at Salisbury known as St. Francis de Sales Church, and two named sisters of the Roman Catholic order of Sisters of Mercy, in tort, for the loss of an eye suffered by the (equitable) plaintiff while attending the parochial school of the Church, allegedly by reason of the negligence of the sisters who were instructors at the school. In a second count of the declaration, the appellant sued Zurich Insurance Company, which allegedly had a contract of liability insurance covering the Church, but which had denied coverage of anyone, except Monsignor Stout personally, under the terms of the contract.

The various defendants filed motions to this declaration. The Church, Monsignor Stout, and Zurich filed a joint motion, seeking to quash service as to Zurich (1) because the suit was premature as to it, and (2) because Zurich did not supply coverage, and further jointly praying that the declaration be not received and stricken, as to the Church and Monsignor Stout, (1) because both were subject to a superior ecclesiastical authority, the Bishop of Wilmington, Delaware, (and therefore not responsible), and (2) because they were both charitable institutions without liability insurance and hence immune from liability. The sisters, appearing specially, filed a separate motion to quash service or amend the sheriff's return, and that the declaration be not received and be stricken as to them (1) because of improper service, (2) because only their Order was legally responsible for their conduct, and (3) because they had charitable immunity by reason of their vows of poverty. Testimony was taken at a hearing on these motions. The trial court found that the sisters had been improperly summoned and granted their motion on this ground. He then granted the other motions and ordered the declaration stricken in its entirety.

The appellees filed a motion to dismiss the appeal on the ground that the order granting the motion *ne recipiatur* is not a final order. We reserved ruling on that motion, but now hold that the contention is without merit. The effect of

the court's ruling was to put the plaintiff out of court and deny her the means of further prosecuting her case against the moving parties. This is the accepted test in determining finality. While we have found no cases directly in point, we find support for this view in *Hunt v. Tague,* 205 Md. 369, 373; *Northwestern Nat. Ins. Co. v. Rosoff,* 195 Md. 421, 427; *Crawford v. Richards,* 193 Md. 236, 243; and *Allen v. Glenn L. Martin Co.,* 188 Md. 290.

We think the procedure followed in the instant case was erroneous. The appellees rely in part upon Maryland Rule 323, but the preliminary objections therein set out, that may be made by motion, do not cover all of the matters sought to be raised by the motions filed. Considering first the motions filed by Zurich, the Church, and Monsignor Stout, there was no basis for a motion to quash service of the insurer. The question whether the second count of the declaration as to Zurich was premature is not one of the defenses which may be raised by preliminary objection under Rule 323, nor was misjoinder the proper subject of a dilatory plea or motion to quash, upon which the defenses in the Rule seem largely based. Cf. 1 Poe, *Pleading and Practice* (Tiffany's Ed.), §§ 592 *et seq.; Bricklayers' Etc. Union v. Ruff,* 160 Md. 483, 491. Likewise, the question as to whether the alleged liability coverage existed in fact was not a matter which could be raised by way of preliminary objection under the Rule or under prior procedure. In short, so much of the motion as related to Zurich sought to attack the sufficiency of the declaration, which should have been done by demurrer, or to allege facts in denial of the declaration, which should be by special plea in bar.

Similarly, the objections raised by Monsignor Stout and the Church sought to introduce new facts or to traverse allegations of the declaration. The appellees contend that this procedure is within the purview of Rule 322, which deals with motions *ne recipiatur* and to strike. Certainly under the former Maryland practice the use of the motion *ne recipiatur* had a very limited scope. See 1 Poe, *supra,* § 668; *Ugast v. La Fontaine,* 189 Md. 227, 230; *Woodcock v. Dennis,* 175 Md. 9, 14. And a motion to strike has been held to be im-

proper in most instances when used to challenge the sufficiency of a declaration. For a clear statement of the prevailing rule, see Clark, *Code Pleading* (2nd Ed.), p. 552. See also *O'Brien v. M. & P. Theatres Corp.*, 50 A. 2d 781, 783 (R. I.). The fact that the Rule states that the motions *ne recipiatur* and to strike may be used, individually, in the alternative, or in combination "for any purpose," if intended to extend their former scope at all, would not seem to reach so far as to permit them to serve the office of a demurrer, plea, or motion for summary judgment for the reasons here asserted by appellees.

As to the motion of the two sisters, it was shown that the sheriff had not summoned them personally, but had left the summons with Monsignor Stout at his request. The validity of the service was a proper inquiry under the motion. Rule 323 a (5). Cf. *Bricklayers' Etc. Union v. Ruff, supra*. But the other defenses raised by that portion of the motion which sought to strike the declaration clearly went to the merits, and were in the nature of special pleas, which were improperly joined in the motion to quash. In *Glenn v. Williams*, 60 Md. 93, 124, it was said that a plea in abatement cannot be joined with a plea in bar, and if such is done the latter will take precedence. See also *Cruzen v. McKaig*, 57 Md. 454, 459. The trial court did not pass on the validity *vel non* of these defenses, and we express no opinion thereon. Rule 323 contemplates that no pleading (including a motion) shall be filed before a motion under that Rule. We have held that even if it be shown that a person was not properly summoned, such right may be voluntarily waived, and that upon the filing of a general issue plea, no further action is necessary in reference to a writ of summons. *Harvey v. Slacum*, 181 Md. 206, 210, 211. For these reasons, the appellant in the instant case objected to any evidence relating to improper service, in view of the defenses asserted on the merits, by counsel for the sisters, on the ground that there had been a general appearance.

Maryland Rule 124 c provides: "Special appearances are abolished. The filing of a motion raising a preliminary objection shall be treated as an appearance for the limited purpose for which the motion is filed." The Committee note indicates that "This Rule abolishes the necessity of special

appearances and puts the emphasis on the nature of the defense asserted rather than the method by which it is asserted." The rule was referred to in *Naylor v. Naylor,* 133 A. 2d 74 (Md.), and *Naylor v. Naylor,* 217 Md. 615, 622, 143 A. 2d 604, but we found it unnecessary to construe it. In *Keen v. Keen,* 191 Md. 31, 41, we recognized that a special appearance may be filed for the purpose of questioning the jurisdiction of the court, or if it be desired to quash summons or other proceedings, but we said: "if an appearance, no matter how characterized, is in effect a general appearance, it will have the result of binding the party appearing in subsequent proceedings in this case." In the instant case the assertion of defenses on the merits, in the motion to strike the declaration, was an invocation of the jurisdiction of the court, even though, procedurally, it was improperly coupled with the motion to quash. We think the filing of the motion operated as a general appearance and constituted a wavier of the preliminary objection. A person who denies that a court has jurisdiction and asks relief on that ground cannot ask anything of the court which is inconsistent with the want of such jurisdiction. *State v. Grimm,* 263 N. W. 583 (Wis.). Cf. *Yaffe v. Bank of Chelsea,* 271 P. 2d 365 (Okla.) and note 8 Okla. L. Rev. 343, 347. See also *Kisner v. State,* 209 Md. 524, 534. The cases cited in a note, 111 A. L. R. 925, 929, support the statement that "It is generally held that moving to strike a pleading from the files is asking for such relief that it operates as a waiver of any objections to the court's lack of jurisdiction." See also note 31 A. L. R. 2d 262, and 3 Am. Jur. *Appearances,* § 19, p. 793, and supplement. We hold that the court erred in granting the motion to quash under the circumstances.

We have said that the motion of the other defendants was improperly granted on procedural grounds. The trial court, however, granted the motion on behalf of Zurich on the ground that it was not amenable to suit on its insurance policy, attached to the motion, and particularly condition 12 thereof, which provided that no action shall lie against it until after the liability of the insured shall have been determined by

judgment, or by written agreement of the insured, the claimant and the company, and that "Nothing contained in this policy shall give any person or organization any right to join the company as a co-defendant in any action against the insured to determine the insured's liability." The point might have been raised by motion for summary judgment, under Maryland Rule 610, provided, of course, it were shown that there was no genuine dispute as to any material facts and since the question will be material, on remand, we are disposed to express our views for the guidance of the trial court, as if the issue as to Zurich had been properly raised as indicated.

In the recent case of *State v. Arundel Park Corp.*, 218 Md. 484, 487, we had occasion to review the decisions bearing upon the question of charitable immunity in the light of Code (1957), Art. 48A, sec. 85. We noted that "the statute has the effect of raising an estoppel against the insured to the extent of the coverage," and that in *Gorman v. St. Paul Fire Ins. Co.*, 210 Md. 1, 7, we squarely held "that the statute does not contemplate or permit a direct action by a tort claimant against the insurer." We also noted that the statute poses a number of procedural problems, and that, in practice, several different methods have been used to restrict the recovery to the amount of the insurance coverage, without permitting the fact of insurance to be put before the jury. If, in point of fact, the policy in the instant case covers the liability of the Church, or Monsignor Stout in his representative capacity, occasioned by the negligence of their agents and servants, it may well be that no plea of immunity will be filed, particularly if the claim made is limited to the amounts set out in the policy. As we pointed out in the *Arundel* case, *supra*, (p. 488), if such a plea is filed the issue might be resolved by motion *ne recipiatur* or to strike the plea, or by motion for summary judgment. In this connection, we note that although the named insured is "Right Reverend Monsignor Eugene T. Stout" endorsement 7 seems to include in the coverage, as an insured, "St. Francis de Sales Church," in whose name the title to the school stood, while schedule 1 seems to include the parochial school on Camden Street in Salisbury, with a premium based on the

number of pupils, under the heading "premises operations." If for any reason it should be judicially determined that coverage does not exist, it would then be in order for Zurich to move that it be dismissed from the suit.

We think, however, that Zurich should not be dismissed from the suit at a time when it is contending, as alleged in the declaration, not only that the policy does not cover the Church, or Monsignor Stout in his representative capacity as pastor, but that the insured is not estopped from raising the defense of charitable immunity. In *Thomas v. Prince George's County,* 200 Md. 554, 560, we indicated that, under some circumstances at least, the question of insurance might be brought into a case, and remanded the case for that express purpose. It is perfectly true that a direct action against the insurer will not lie, but it is also true that in the absence of insurance, no action would lie against the Church. It would seem desirable that the insurer should be a party to the determination whether coverage exists or not, with appropriate precautions against prejudice by disclosure to the jury. We may also point out that the rule as to prejudice is not unyielding, where the fact of insurance is put forth by the insurer. See *Casey v. Roman Catholic Archbishop,* 217 Md. 595, 609, and *State v. Arundel Park Corp., supra* (p. 488).

The appellant does not contend that a direct action will lie against the insurer prior to determination of the liability of the insured. She relies upon Maryland Rule 313 b which provides: "Where a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties." Under subsection d separate claims against two defendants may be "joined in one action whenever any substantial question of law or fact common to all the claims will arise in the action or for any other reason the claims may conveniently be disposed of in the same proceeding." We think the rule is applicable in the instant case.

We are not unmindful of the fact that our Rule 313 b is derived from, and indeed identical with, Rule 18 (b) of the

Federal Rules of Civil Procedure. A commentary in 3 *Federal Rules Service,* 18 b 15 discusses its application to cases involving an insurer under a liability policy, and admits that it has been held in many cases that the rule is inapplicable, although urging its literal and proper application as a procedural matter rather than a matter of substantive right. It may be pointed out, however, that in the usual case there is no common question of law or fact, because the liability of the insured is based on proof of a tort, whereas the liability of the insurer is based on proof of a judgment which the insurer undertakes to pay, as a matter of contract, only after the obtention of a judgment against the insured. See note 7 A. L. R. 1003. Under the peculiar facts of the instant case, the question of coverage is common to both actions, and although the action against the insurer under the second count cannot, as a matter of substantive right, be tried until after judgment under the first count, we see no sound reason to deny the procedural relief afforded by the Rule.

Without expressing any opinion upon the other points argued, we shall remand the case for further proceedings not inconsistent with the views herein expressed.

*Order reversed and case remanded,*
*costs to be paid by the appellees.*