## STEINPREIS *v.* LEET

[No. 432, September Term, 1964.]

*Decided October 19, 1965.*

*Motion for rehearing filed November 29, 1965, denied December 13, 1965.*

The cause was argued before PRESCOTT, C. J., and HAMMOND, MARBURY, OPPENHEIMER and BARNES, JJ.

*Robert J. Steinpreis,* in proper person, for appellant.

*Harry M. Leet,* in proper person, for appellee.

PRESCOTT, C. J., delivered the opinion of the Court.

This appeal gives us little difficulty in its decision. Our main difficulty has been to attempt to unravel the pertinent issue or issues for determination (briefs on both sides and the record extract having been prepared and submitted in proper person). Appellant's briefs go into the history and law of the actions of ejectment and distraint for rent, and point out allegedly erroneous rulings by, and conclusions of, the judge of the People's Court of Montgomery County and, on appeal, by a judge of

the Circuit Court for said county. However, the basic, and only, issue necessary to determine the appeal is whether the said People's Court and Circuit Court lacked jurisdiction, in its fundamental sense, to consider and determine the case below. (The record before us does not make it clear that the question of jurisdiction was raised in the People's Court, *Shippler v. Broom*, 62 Md. 318, however, appellant claims that he did and appellee does not deny the claim. For the purposes of this appeal, we shall assume that he did. For the proper procedure to be followed where the jurisdiction of a justice of the peace is desired to be challenged (not followed here), see *Rayner v. State*, 52 Md. 368.[1]) If said courts had jurisdiction, this Court has no constitutional, statutory or other power, under the circumstances here involved, to review their conduct of the case or their conclusions. (For exceptions to this rule, not here pertinent, see Code (1957), Article 5, § 21.) If either of them lacked jurisdiction, we are empowered to so rule.

In the condition that the record reaches us it is impossible to be certain that the facts are stated with precision and accuracy. However, only a few are necessary to determine the appeal, and we shall state them as they seem to be developed in the record. In March of 1963, plaintiff-appellee rented to the appellant, by written lease, a dairy farm, located in Montgomery County, for a specified term, and which called for a monthly rental. The lease, of course, contained other terms and conditions, which are not pertinent to the determination of this appeal. Controversies arose between the parties and litigation by way of distraint for rent and an action for repossession of the property ensued. Apparently, in about December of 1963, the landlord brought an action in the People's Court, praying a judgment for restitution of the premises and past-due rent. (This action is only collaterally relevant to the present appeal.) The court refused the judgment for restitution, but required the payment of back rent. The landlord appealed to the Circuit Court. While this appeal was pending, the landlord, in the latter part of January, 1964, instituted another suit in the People's Court asking for a judgment of restitution and rent of $165 for the month of January, 1964 (this was the initial

---

1. See also *Lambros v. Brown*, 184 Md. 350.

proceeding in the appeal at bar.) This case was heard in the People's Court on January 27, 1964, and resulted in a judgment in favor of the present appellee for restitution and $165, from which the present appellant appealed to the Circuit Court. The first appeal to the Circuit Court was not heard until about February 1, 1964. The Circuit Court reversed and granted a judgment for repossession from which no appeal was attempted. The appellee regained possession of his property; hence we are not now concerned with any aspect regarding the right to repossession. Thereafter, on November 16, 1964, the second appeal from the People's Court was heard, and the Circuit Court entered judgment for $165 for unpaid rent. The appeal to this Court followed.

In appeals from justices of the peace (in this case a judge of the People's Court) to the Circuit Courts, the Circuit Courts sit in an appellate capacity. This Court does not review the actions and conclusions of the Circuit Courts when exercising such a capacity, unless there is specific constitutional or statutory authorization to do so, *Board of Medical Examiners v. Steward*, 203 Md. 574, or the courts have exceeded their jurisdiction, *Berlinsky v. Eisenberg*, 190 Md. 636. In the case at bar, we think the People's Court and the Circuit Court had jurisdiction over the parties to the suit and the subject matter of the case, and neither court exceeded its authority or jurisdiction. The parties both appeared in, and were heard by, the courts below; and no challenge is made that the courts lacked jurisdiction over the parties. The principal claim asserted is a technical contention that the People's Court lacked jurisdiction over the subject matter of the suit because said suit was instituted by using a form used by landlords under Code (1957), Article 53, §§ 28-32, and no rent was due. The judgment actually obtained (and appealed from) was simply a money judgment in the Circuit Court for $165 for rent found to be due from the tenant to the landlord under a written lease. The authority and jurisdiction to hear this class of cases and to render judgments therein is fully granted to the People's Court by Code (1957), Article 52, §§ 5, 6, 99, and 100, and Article 53, § 29. And the trial *de novo* in the Circuit Court was authorized by Code (1957), Article 5, § 30. Code (1957), Article 52, § 42,

specifically states that no special pleading shall be required in an action before a justice of the peace, and authorizes amendments so that the "case may be tried on its real merits." And jurisdiction over the subject matter of a case is not ousted by irregularities in the proceedings or by an erroneous deciding of the case (*Stanley v. Safe-Deposit & Trust Co. of Baltimore*, 87 Md. 450), or by insufficiencies in the pleadings. (*Fooks' Ex'rs v. Ghingher*, 172 Md. 612). Thus, the courts below having jurisdiction over the parties and having the power to determine the class of cases to which the case at bar belongs, and neither court having exceeded its jurisdiction, the judgment was validly entered. Hence, the appeal must be dismissed. *Montgomery Ward & Co. v. Herrmann*, 190 Md. 405.

The appellee filed a motion to strike certain portions of appellant's brief on the ground that said portions contained scurrilous and scandalous matter. We agree with appellee's contention. The statements (with the exception of Item 5) are improper, irrelevant, and unwarranted. The record discloses nothing to justify their inclusion in the brief. The motion to strike (with the exception of Item 5 contained therein) will be granted, and the designated portions of appellant's brief will be expunged from the record.

> *Motion to strike granted; appeal dismissed; appellant to pay the costs.*