STEINPREIS *v.* MILLER, ET AL.

[No. 19, September Term, 1965.]

*Decided January 4, 1966.*

The cause was argued before Prescott, C. J., and Hammond, Horney, Oppenheimer and McWilliams, JJ.

*Robert J. Steinpreis, in proper person,* for appellant.

No brief and no appearance for appellees.

McWilliams, J., delivered the opinion of the Court.

We repeat here something of what was said, and decided, a few months ago, in *Steinpreis v. Leet,* 240 Md. 212, 213 A. 2d 555 (1965). The appellant is the same (Steinpreis), the complaint is the same (want of jurisdiction in the People's Court of Montgomery County), and the subject matter is the same (appellant's apparent lack of enthusiasm for the payment of rent). Chief Judge Prescott, in *Leet* supra, began the Court's opinion by saying:

> "This appeal gives us little difficulty in its decision. Our main difficulty has been to attempt to unravel the pertinent issue or issues for determination (briefs on both sides [in the present case the appellees did not appear] and the record extract having been prepared and submitted in proper person)."
>
> * * *
>
> "In the condition that the record reaches us it is impossible to be certain that the facts are stated with precision and accuracy. However only a few are necessary to determine the appeal, and we shall state them as they seem to be developed in the record." *Id* at 213-14.

Laboring under somewhat the same difficulty we have sorted out what we believe to be the relevant facts in this case. On 1 April 1964 (after vacating the farm described in *Leet* supra) appellant agreed orally with appellees for the occupancy of appellees' property for an annual rental of $900.00 payable in monthly installments of $75.00.[1] Appellant moved in and paid

---

1. Appellant claims he rented a 100 acre farm. Appellees claim they leased only the house. This dispute, according to appellant, will be disposed of in other litigation.

rent for the months of April, May, June and July. Early in November appellees caused to be issued out of the People's Court the summons authorized by the Code, Art. 53, §§ 28-32 (1957, Repl. Vol. 1964) (now Art. 53 §§ 39N-R (1957, Repl. Vol. 1964, Cum. Supp. 1965)). Rent for the months of August, September, October and November ($300.00) was claimed to be due. The summons was posted on the property and a copy left with appellant's wife, appellant being away from home at the time. We must assume that he became aware of the existence and significance of these papers upon his return because on the following day he went to the office of the clerk of the People's Court and filed with him an order for the issuance of a *subpoena duces tecum* for J. E. Filmore [2] directing him to "bring all records of rent, rent received, lease and/or rental agreements concerning the property * * *." We think the language used is indicative of an intention to contest the suit on the merits. Appellant later "chose not to appear" at the hearing, taking the position that, since he was not personally served, the court had no jurisdiction over him. Judgment by default was entered against him. From that judgment he noted an appeal.

At the conclusion of the trial in the Circuit Court, in which Steinpreis challenged the jurisdiction of the People's Court to enter a judgment *in personam* against him, Judge Anderson held that he had submitted to the jurisdiction of the People's Court "when he filed a line to summon * * * [a witness] in his own behalf by issuing a subpoena duces tecum * * *," and overruled his motion to dismiss. Since we agree, it follows that this appeal must be dismissed. *McCormick v. Church,* 219 Md. 422, 149 A. 2d 768 (1959) ; *Alcarese v. Stinger,* 197 Md. 236, 78 A. 2d 651 (1951) ; *Keen v. Keen,* 191 Md. 31, 60 A. 2d 200 (1948) ; *Howell v. Beth. Spar. Pt. Shipyard,* 190 Md. 704, 59 A. 2d 680 (1948). 5 Am. Jur. 2d *Appearance,* § 14 (1962). *Cf. Massachusetts Bonding & Ins. Co. v. Concrete Steel Bridge Co.,* 37 F. 2d 695 (4th Cir. 1930). *But see Beckwith v. Kansas City & Olathe R. R.,* 28 Kan. 484 (1882). See also *Steinpreis v. Leet,* 240 Md. 212, 213 A. 2d 555 (1965).

> *Appeal dismissed; appellant to pay the costs.*

---

2. Filmore, according to appellant, was the real estate agent for appellees whose duty it was to collect the rent.