Robert J. STEINPREIS and Loraine Ison Steinpreis, Appellants,

v.

Kathryn J. Lawler SHOOK, F. Fendall Coughlin, Dorothy J. Beaver, Frank E. Hagan, Jr., Ralph W. Offutt and H. Ralph Miller, Appellees.

No. 10899.

United States Court of Appeals Fourth Circuit.

Argued March 8, 1967.

Decided April 7, 1967.

Robert J. Steinpreis (Loraine Ison Steinpreis on the brief), appellant, pro se.

Thomas P. Perkins, III, Asst. Atty. Gen., of Maryland, and Charles G. Dalrymple, Asst. County Atty., Montgomery County, Maryland (Francis B. Burch, Atty. Gen., of Maryland, and Robert G. Tobin, Jr., Asst. County Atty., Mont-

---

gomery County, Maryland, on the brief), for appellees.

Before SOBELOFF, BOREMAN and J. SPENCER BELL,* Circuit Judges.

PER CURIAM:

A controversy arising between a landlord and his tenant has burgeoned into the present massive suit by the unsuccessful tenant, who claims $1,000,000.-00 damages, not only against the landlord but also against the judges of the People's Court, a judge of the reviewing court, the court clerks, and the county sheriff. No purpose would be served by an elaborate recital of the antecedent litigation.[1] The present appeal is from an order of the District Court of the District of Maryland granting the officials' motion to dismiss the complaint against them.

The complaint diffuses its charges over 48 pages and 141 paragraphs, but may be briefly summarized. It alleges a conspiracy between Harry M. Leet, the landlord and principal defendant, and Kathryn J. Lawler Shook, Judge of the Circuit Court of Montgomery County, Frank E. Hagan, Jr., and Dorothy J. Beaver, Clerks of the People's Court of Montgomery County and of the Silver Spring People's Court respectively, and Ralph W. Offutt, Sheriff of Montgomery County, to wrongfully, fraudulently, and maliciously obtain judgments against the plaintiffs, and to evict them from the farm which they leased from Leet. Leet answered the complaint, and the remaining defendants—judges and court officers—moved to dismiss.

We have carefully considered the record, the briefs and oral arguments of the parties, including plaintiffs' extensive reply brief and addendum.[2] Plaintiffs have failed to allege any facts indicating that the defendant judges and other court officers acted in concert with each other or with Leet.

Moreover, with respect to the defendant judges, no facts are disclosed which would remove this case from the well-established rule that judges are absolutely immune from civil liability for any actions performed by them in their judicial capacity. Bradley v. Fisher, 80 U.S. 335, 20 L.Ed. 646 (1872); Eliason v. Funk, 233 Md. 351, 196 A.2d 887 (1964); Prosser, Torts, § 109 at 780 (2d ed. 1955). The courts of Maryland have consistently held that the "appropriate and only" remedy for an allegedly erroneous judgment by a justice of the peace is by appeal from that judgment. Roth v. Shupp, 94 Md. 55, 50 A. 430 (1901).

The court clerks, in issuing the writs of summons which brought the plaintiffs into court for the distraint of rent cases, acted in the performance of their duties under rules of the court which have the effect of law, and the same actions complained of here were authoritively declared valid in Steinpreis v. Leet, 240 Md. 212, 213 A.2d 555 (1965) and Steinpreis v. Miller, 241 Md. 79, 215 A.2d 737 (1966). Likewise the county sheriff, in levying distraints, serving summonses, and conducting a sheriff's sale, was merely carrying out the routine functions of his office. These duties are mandatory. Md. Code Ann. Art. 87,

---

* Judge Bell participated in the hearing and concurred in the disposition of the case but died before the opinion was prepared.

1. Suits were filed for successive installments of rent as they became due. There were seven suits altogether, resulting in judgments for the landlord for the amount of the rents; one such judgment was appealed to the Court of Appeals of Maryland and was there affirmed. Steinpreis v. Leet, 240 Md. 212, 213 A.2d 555 (1965). See also Steinpreis v. Miller, 241 Md. 79, 215 A.2d 737

(1966). A judgment was also obtained by the landlord ordering the tenants to vacate the leased farm. The particular cause of action sought to be enforced in the federal courts was not appealed to the Court of Appeals of Maryland, the tenants having chosen to treat the decisions of the Circuit Court of Montgomery County as a "total nullity."

2. Plaintiffs' numerous citations are not helpful, for while they express general propositions beyond dispute, the factual situations are distinguishable.

§§ 5 & 11 (1964 Replacement Volume). All of the papers which the sheriff processed were on standard forms and under oath. There is no allegation that the sheriff made any improper or false return on any of the papers.

Finding no valid reason for disturbing the District Court's order, it is

Affirmed.