## GREENFIELD *v.* J. W. FRYE, INC.

[No. 275, September Term, 1967.]

*Decided July 1, 1968.*

The cause was argued before HAMMOND, C. J., and MARBURY, BARNES, McWILLIAMS, FINAN, SINGLEY and SMITH, JJ.

*Joseph Zitomer* for appellant.

*Arthur V. King* for appellee.

MARBURY, J., delivered the opinion of the Court.

This case was first heard in the People's Court of Montgomery County where the appellee, J. W. Frye, Inc., brought

an action in debt against the appellant, Marvin Greenfield, for the unpaid balance owed it for building a swimming pool. The appellant answered and filed a counterclaim in the amount of $1,000, alleging that certain specifications had not been met in the construction of the pool in accordance with the contract between the parties. Following a decision in favor of the appellee awarding a judgment in its favor the appellant filed a notice of appeal to the Circuit Court for Montgomery County where the case was sent for a trial de novo.

Before the appeal was heard the concrete apron around the pool cracked and was heaved up as a result of freezing and thawing that occurred during the winter. The appellant duly filed a new suit in the Circuit Court for this damage to the concrete, and simultaneously filed an amended counterclaim in the case appealed from the People's Court, alleging new and additional claims that arose after the decision in that court had been rendered. Subsequently the appellant moved to consolidate the original action filed in the Circuit Court with the case appealed from the People's Court. In response to a motion *ne recipiatur* Judge Moorman dismissed the new suit in the Circuit Court but granted leave to amend the counterclaim in the case appealed from the People's Court. The propriety of these actions is not before us as no appeal was taken therefrom. On October 10, 1963, the amended counterclaim containing three counts was filed, the first count being the same counterclaim heard in the People's Court, and the second and third counts constituting new and additional claims being presented for the first time in the Circuit Court.

The case was tried in the Circuit Court before a jury which rendered a verdict in favor of the appellee in the amount of $814.61, the identical amount awarded by the People's Court and against the appellant on the counterclaim. It was admitted that the balance of the contract price had not been paid and the principal issues involved were counts two and three of the counterclaim. It is from the judgment entered on the adverse verdict rendered by the jury in the Circuit Court that this appeal was taken.

The threshold question confronting us, before reaching the merits of this appeal which concern the refusal of the trial judge

to grant a mistrial, is whether the appeal is properly before this Court. In hearing an appeal from a people's court the circuit courts of the counties of this state sit in the capacity of appellate courts and their decisions and actions are not appealable to the Court of Appeals unless either of the lower courts had exceeded its jurisdiction. *Steinpreis v. Leet*, 240 Md. 212, 213 A. 2d 555; *Bd. of Med. Examiners v. Steward*, 203 Md. 574, 102 A. 2d 248; cf. *Crockett v. Parke*, 7 Gill 237 (1848).

It is not urged that either of the courts below have exceeded their jurisdiction. This being true, there can be no appeal to the Court of Appeals from the judgment rendered in the Circuit Court.[1]

While it may be true that there were matters, such as the breaking up of the concrete apron around the pool, that were raised for the first time at the trial de novo in the Circuit Court, when these were added to the counterclaim in the case that was being appealed from the People's Court, they became a part of that case and therefore a decision affecting them is not subject to review by this Court.

Having reached this conclusion the appeal here must be dismissed.

> *Appeal dismissed, costs to be paid*
> *by appellant.*

---

1. Code (1968 Repl. Vol.), Art. 5, Sec. 21, provides for a review by certiorari in stated circumstances which are not here present.