## ALBERT N. HORNER vs. ELVENCEDORE PLUMLEY ET AL.

*Amendment of Plea and Affidavit in Suits Under Baltimore City Practice Act—Appeal—Motion of Ne Recipiatur to Pleas—Action Against Co-Obligors and Recovery Against One Only—Denial of Signature of Note Sued on in Affidavit and Not in Plea—Instructions to Jury in Action Against Joint Makers of Promissory Notes.*

Act of 1898, ch. 123, sec. 312, relating to Baltimore City, provides that the Court, for good cause shown, may at any time before judgment extend the time for filing pleas and affidavit by a defendant. *Held,* that the action of the trial Court in allowing a defendant to file new pleas and extending the time for filing the same is within its discretion and no appeal lies therefrom.

After the trial Court passed an order, in a suit under the Baltimore City Practice Act, striking out pleas filed by a defendant and allowing new pleas and an affidavit to be filed within an extended time, and after the new pleas and affidavit were accordingly filed, the plaintiff made thereto a motion of *ne recipiatur* which was overruled. *Held,* that if this motion be regarded as a motion to strike out the pleas it was inappropriate, because they had been filed by leave of the Court, and plaintiff should have moved to rescind the order granting the leave; and if such motion had been made, no appeal would lie from the order overruling it because passed in the exercise of the Court's discretion.

Code, Art. 51, sec. 12, enacts that in suits *ex contractu* against alleged joint debtors the plaintiff shall be entitled to recover against such of the defendants as shall be shown to be indebted to him as fully as if the defendants against whom he shall fail to establish his claim had not been joined.  *Held*, that when the plaintiff's claim is established against only one of two or more joint defendants, the verdict and judgment should be rendered for the plaintiff against that one defendant, and for the other defendants against the plaintiff.

An action was brought against a husband and wife on promissory notes alleged to have been executed jointly by them.  The husband filed the general issue plea and did not deny his signature.  The wife, upon leave of the Court first obtained filed general issue pleas and also an affidavit thereto denying that she had executed the notes.  Code, Art. 75, sec. 23, sub-sec. 108, provides that whenever the execution of any written instrument is alleged in the pleadings, the same shall be taken as admitted unless denied by the next succeeding *pleading* of the opposite party.  The action was brought under the local law of Baltimore City, the Act of 1898, ch. 123, and sec. 312 of that Act provides that if there be filed with the declaration any paper purporting to be signed by any defendant, the genuineness of the signature shall be deemed to be admitted unless the *affidavit* filed with the pleas shall state that the affiant knows that such signature was not written by, or by the authority of, the person whose signature it purports to be.  At the trial a jury was sworn as to both defendants and the wife's counsel objected to the admission in evidence of the notes sued on, or other evidence as to the same, as against her, unless the execution of the notes by her was first proved.  This objection was sustained.  The plaintiff declined to prove any signature or offer any evidence as against either defendant  The Court then instructed the jury to find for both defendants because there was no legally sufficient evidence against either of them to entitle the plaintiff to recover.  *Held,*

1st.  That the note was not admissible in evidence against the wife, or any other evidence concerning the same, unless its execution by her was proved, since the denial of her signature in the affidavit to her pleas was sufficient under sec. 312 of the local Practice Act, and a denial of the signature in her pleas also was not necessary.

2nd.  That the action of the trial Court in instructing the jury to find for the wife was consequently correct, since the plaintiff had not met the burden imposed upon him by her affidavit of proving that she had executed the note.

3rd.  That since the husband had not denied his signature, the note was admissible in evidence against him, but the ruling of the trial Court only excluded the note against the wife and not against her husband, the co-defendant.

4th.  That inasmuch as the plaintiff closed his case without putting the note in evidence against the husband, the jury was also properly instructed to find their verdict for him.

Md.]                    Argument of Counsel.

Appeal from Baltimore City Court (SHARP, J.)

The cause was argued before McSHERRY, C. J., BRISCOE BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*William S. Bryan, Jr.*, and *Charles F. Harley* argued the cause in this Court for the appellant.

Under Code, Art. 75, sec. 23, sub-sec. 108, if a litigant wishes to controvert the execution of any paper alleged in the pleadings of his adversary he must, *if such paper is filed in the case*, deny the execution of the same in plain terms, in the next pleading which he proffers after the paper is alleged and filed. It has been expressly ruled in *Banks* v. *McCosker*, 82 Md. 518, that pleading *the general issue* where a suit is brought on a promissory note does not gratify this statute.

The statute is a general law in force throughout the State (*McCarthy* v. *Harris*, 93 Md. 741.)    In Baltimore City, there is a local statute (sec. 312 of the new city charter, Acts of 1898, ch. 123), which, when the suit is brought under an affidavit, drawn in compliance with the requirements of this Act (*Thorne* v. *Fox*, 67 Md. 72), requires, among other things, that *if the genuineness of any signature to any paper filed with the declaration* is to be disputed, an affidavit shall be filed with the pleas, stating that the affiant knows, or has good reason to believe, that such signature was not written by, or by the authority of, the person whose signature it purports to be. This speedy judgment Act is *in addition to* and not in substitution for the general statute.    The two statutes do not cover the same ground ; the general law relates to *the next succeeding pleading* ; the local law to *an affidavit*, which in certain circumstances must support pleas.

The penalty for not pleading as required by sub-section 108 of sec. 23, Art. 75 of the Code is to have the issue narrowed, and the fact not properly pleaded, admitted at the trial (*Bank* v. *McCosker*, 82 Md. 525); the penalty for not supporting the pleas by a proper affidavit when a suit is brought under the Rule Day Act in Baltimore City is that, if a timely motion is

made, a judgment by default may be° entered for want of a properly verified plea. *Hutton* v. *Marx,* 69 Md. 252; *Laubheimer* v. *Naill,* 88 Md. 179. That this affidavit is *in no sense a pleading* has been expressly ruled in the last-named case.

If we assume, however, for the sake of the argument, that Mrs. Plumley put the fact of her signature to the notes in issue *as against her,* it must still be very plain, we submit, that the affidavit to the pleas of Ira Plumley does not put in issue *as against him* the execution of these notes ; for the affidavit to his pleas does not contain any denial in terms of the execution of the note by him. The execution of the notes was therefore certainly admitted by the pleadings so far as Ira Plumley is concerned, and the notes, without any proof of the signatures were admissible in evidence *against him.* Now when the several notes were offered in evidence they were' each objected to by the counsel for Mrs. Plumley, and were each excluded.

After the Court had ruled the notes inadmissible in evidence at all on a general offer, it is a little difficult to perceive how the counsel for the plaintiff could have been expected or required *after he had closed* his case, to again offer to read the notes to the jury as against Mr. Plumley. If there had been a number of defendants, after the Court on a general offer had excluded and ruled out the notes on the objection of one of the defendants, and the plaintiff had closed his case and the Court had granted a prayer, taking the case from the jury, as to the objecting defendant, it surely could not be supposed that the plaintiff should have again offered the notes and have had the Court pass on the objections of some other defendant, and have repeated this performance as many times as there were defendants in the case. It is not believed that this Court will say that proper practice requires or allows an action at law to be thus tried *piece-meal.* It is believed that the plaintiff should produce all his evidence before he closes his case and that after the plaintiff has closed his case, the defendant either submits a demurrer to the evidence, or proceeds with his proof; after closing his case the plaintiff has *no right* to

offer any testimony, not in rebuttal of that offered by the defense.

If, after the testimony was all in, there were no legally sufficient proof under the pleadings that Mrs. Plumley's name was written as maker on the notes by her, or by her authority, the case might fail as to her for want of a sufficiency of evidence on the interposition of a timely prayer.   But, during the trial, the plaintiff had a right to offer his testimony *in any order he saw fit*, and without making any agreement or offer to follow up the proof offered with any other proof.   That the trial Court has no right to require, as a condition to the reception of testimony, legal and competent in itself, that the plaintiffs shall disclose, in advance, what other evidence they intend to offer, seems settled in Maryland.   *Plank Road Co.* v. *Bruce*, 6 Md. 457;   *Caton* v. *Carter*, 9 G. & J. 476;   *Scraggs* v. *Reilly*, 89 Md. 165;   *Mills* v. *Bailey*, 88 Md. 324.

It was error for the Court below to permit the defendant, Elevencedore Plumley, to withdraw her pleas and file new pleas, with an additional affidavit, nearly eighteen months after the first pleas were filed in her behalf.   Under sec. 312 of the city charter it follows, that, *as a matter of right*, the plaintiff can, by filing a proper motion, claim a judgment by default, unless the proper pleas, supported by proper affidavit, are filed, and that unless *the said affidavit* contains the requisite denials the genuineness of the said signatures are to be taken as "admitted for the purposes of said cause."   It is not at all like an ordinary amendment of pleadings, the power to grant which, as a general rule, rests in the sound discretion of the Court below.   *Knickerbocker Life Ins. Co.* v. *Hoeske*, 32 Md. 325;   *Thorne* v. *Fox*, 67 Md. 71.

It is submitted that no amendment of the pleas or of the affidavit can be made.   It is true that the statute does provide, "that the Court for good cause shown, may, by its order in writing, passed at any time before judgment, *extend the time for filing* such pleas and affidavits, which extension shall suspend until the expiration thereof, the plaintiff's right to enter judgment under this section."   Surely, however, there is a

wide difference between the power to *extend the time,* in which a plea can be filed, and the power to authorize *an amendment* of a plea already filed.

If we should be in error as to all the reasons heretofere urged, it is still suggested that, as after the expiration of the fifteen days allowed the defendant, in which to file pleas and affidavit, the plaintiff had become "entitled" to whatever admissions the existing pleas and affidavit gave him, the Court *ought not,* even if it has the *power,* disturb the plaintiff's rights, except under the same circumstances of surprise, deceit or fraud as would authorize it to strike out a judgment regularly enrolled; and that the plaintiff, whose vested rights are disturbed, should, have, as in the case of striking out an enrolled judgment, an appeal from such action of the Court below, to this Court.

Applying the well known principles of law applicable to striking out enrolled judgments, it is submitted that the Court erred in giving Mrs. Plumley leave to withdraw her pleas and file a new affidavit. On Mrs. Plumley's own showing there was no fraud or deceit, or misconduct of any sort of the plaintiff, which prevented her or her counsel from being aware of the facts she wished to rely on before she made her application for leave to file new pleas and a new affidavit. It is not pretended that the plaintiff, or any agent of his, did anything at all in the matter except institute the suit in the usual way.

If the power to extend the time for pleading could by a stretch of the meaning of the terms of the statute be made to imply the power to authorize amendments to pleas and affidavits already filed, yet, by the express terms of the statute, this indulgence can only be granted on *good cause shown.* Gemmell v. Davis, 71 Md. 465; *Turner* v. *Adams,* 95 Md. 170. This we submit has not been done.

*R. B. Tippett* (with whom was *Garnett Y. Clark* on the brief ), for the appellee.

The final proviso, of sec. 312, subjects the whole procedure to the discretion of the trial Court. So that any time before

the *actual entry of a judgment* in the case the Court has the power to suspend the right, under the first part of this section, to have a judgment entered and can extend the time for pleading. *Griffith* v. *Adams*, 95 Md. 175; *Gemmell* v. *Davis*, 71 Md. 464.

Upon the showing of facts made in Mrs. Plumley's petition and also in the affidavits, the Court exercised its discretion by permitting her to apply for an extension of time to plead, and did allow her to file new pleas. In so acting, the Court followed that construction of the statute (authorized in the above cases by this Court) which affords the defendant a full and fair opportunity to make all defenses to the action against her.

Upon the presentation of the prayer, withdrawing the case from the jury as to Mrs. Plumley, the plaintiff's counsel was given full opportunity to prove his case as against Mr. Plumley which opportunity was rejected. We submit that it would be a miscarriage of justice if the plaintiff, after refusing an opportunity to go to the jury as to Mr. Plumley, would be heard to assign as error that he was denied his rights as to him. The appellant's contention that the offer of the notes and the following questions being admissible for the purpose of binding Mr. Plumley, was therefore admissible generally, subject to being modified by a prayer, can not avail him, when he had full opportunity to offer such evidence before his case was ruled upon.

PEARCE, J., delivered the opinion of the Court.

Albert N. Horner, the plaintiff below, brought suit against Ira Plumley and Elvencedore Plumley, his wife, September 8th, 1900, under sec. 312 of the charter of the city of Baltimore (being ch. 123 of the Act of 1898) upon ten promissory notes aggregating about $7,500, and purporting to be jointly eexecuted by both defendants, but without witnesses to either signature. Within the time prescribed by sec. 312, joint general issue pleas were filed, with the required affidavit made by the husband for himself and on behalf of his wife, setting forth that he was authorized to do so by her, and with the neces-

sary certificate of counsel attached.    On March 8th, 1902,
defendant's counsel, R. B. Tippett & Bro., struck out their
appearance for Ira Plumley and filed a petition for Mrs. Plum-
ley alleging that she never knew until that time the nature of
the suit; that no copy of the declaration was ever delivered
to her; that the pleas mentioned were filed by her husband
without her knowledge or authority; that she never author-
ized or ratified these pleas, and never knew of their existence
until a few days before filing the petition; and she prayed.
leave to withdraw said pleas, and to file other pleas distinct
from those of her husband.    This petition was sworn to by·
Mrs. Plumley, and .on the same day the Court ordered the
pleas filed on her behalf to be stricken out, and ordered her
to plead anew to the declaration within one day.    On the
same day, Mrs. Plumley, through the same counsel, pleaded
never indebted, and never promised, as alleged, and annexed
to these pleas an affidavit conforming to the requirements of .
sec. 312, and specifically denying that any of the signatures
to said notes purporting to be hers, were written by her, or
by her authority, and accompanied said pleas and affidavit ·
with the required certificate of counsel.    On March 10th,
other counsel entered an appearance for the husband, and on
March 13th, plaintiff's counsel filed a motion of. *ne recipiatur*
to the pleas of Mrs. Plumley, setting forth at great and un- .
usual length sixteen reasons why said pleas should not be re-
ceived, and should be stricken from the files of the Court.
Some of these reasons alleged that the averments of Mrs.
Plumley's petition were false in fact, and affidavits and counter
affidavits of several persons were filed in support .of and
against said motion.    Upon consideration of these matters the .
Court sustained the motion *ne recipiatur,* but ordered the orig-
inal pleas first filed to remain in the case, with leave to Mrs.
Plumley to file other pleas.    Thereupon, a second and more
detailed petition was filed by Mrs. Plumley asking that the
original pleas in her behalf be stricken out, and that she be
granted leave to plead within two days.    The Court then
passed an order. in writing striking out the original pleas in

behalf of Mrs. Plumley, and extending the time for her to plead until May 18th, 1902. She then renewed the pleas, affidavit and certificate filed under her first petition, and the plaintiff renewed his motion *ne recipiatur*, which was overruled by the Court, whereupon issues were joined on the pleas and a jury was sworn *as to both defendants*, and a trial was had resulting in a verdict and judgment for both defendants under instructions from the Court.

Sixteen exceptions were taken by the plaintiff. The first was to the action of the Court in granting leave to file a new petition for leave to file new pleas setting up the defence of forgery, and the second to the order granting leave to file such new pleas. These may be considered together. Section 312 of the charter under which this suit was brought, provides that " the Court, for good cause shown, may by its order in writing, passed at any time before judgment, extend the time for filing such pleas and affidavits, which extension shall suspend until the expiration thereof, the plaintiff's right to enter judgment under this section." This section was originally taken from the Practice Act, ch. 184 of 1886, which was considered in *Gemmell* v. *Davis*, 71 Md. 465, and the section as now incorporated in the charter was considered in *Griffith* v. *Adams*, 95 Md. 170. It is sufficient to say that the leave being within the discretion of the Court, its action is not the subject of appeal, but we may properly add that in this case we think the discretion was wisely and reasonably exercised to promote the purposes of justice in permitting a meritorious defense to be presented to the jury.

The third exception was to the action of the Court in overruling the motion *ne recipiatur*. If regarded exclusively as a motion not to receive the pleas, it was inappropriate and ineffective, as the pleas were already received and filed; and this motion "is presumably made before a plea is filed and made part of the record," *Spencer* v. *Patten*, 84 Md. 423. Viewed in that light, it was therefore properly overruled. If on the other hand, it be regarded merely as a motion to strike out these pleas, it was equally inappropriate and ineffective; inappropri-

ate, because leave having been granted to file these pleas by the written order of the Court, the proper course would have been to move to rescind the order granting leave, and to strike out the pleas; and ineffective, even in the latter form, because the rescission of the order and the striking out of the pleas were matters as much within the discretion of the Court, as was the granting of leave to file them.

At the trial, Ira Plumley was sworn by the plaintiff as a witness, and being on the stand, but before testifying, he was handed one of the notes sued on, and plaintiff's counsel said: "I now offer in evidence the promissory note referred to in the seventh count of the declaration, and filed in this case;" to which counsel for defendant, Mrs. Plumley, replied: "I object to the note being offered in evidence until its execution is properly proven so far as Mrs. Plumley's signature is concerned, because the signature of Mr. Plumley is not denied; none of the notes are in evidence." The Court then asked if plaintiff's counsel proposed to prove the signature of the maker, to which he replied that he declined to prove any signatures; whereupon the Court sustained the objection to the offer of this note in evidence. The fourth exception was taken to this ruling.

The witness being still on the stand, plaintiff's counsel again handed him the same note and asked him to state where he got it, but this question was objected to unless followed up by proof of execution by Mrs. Plumley, and this objection was sustained by the Court, and the fifth exception was taken to this ruling.

The sixth was to the refusal to allow the witness to state whether the note was purchased in good faith, unless followed up by proof of execution by Mrs. Plumley; and the remaining exceptions, down to and including the 14th, were to the exclusion of similar questions relating to the value given, the existence of credits, and the circumstances under which the note was acquired, unless in each case assurance were given that it would be followed by proof of execution by Mrs. Plumley which plaintiff declined to give. The plaintiff's case

was then closed, no testimony whatever having been received, and the Court instructed the jury that there was no evidence legally sufficient to warrant a recovery against Mrs. Plumley, to which ruling the 15th exception was taken.

Defendant's counsel then said to the Court: "We are now prepared to go to trial on the issues as to Mr. Plumley;" to which plaintiff's counsel replied: "We have produced all our testimony." Defendant's counsel then said: "We offer the same prayer as to Mr. Plumley and desire it noted that the plaintiff has been invited to offer proof." The record then states that counsel for plaintiff did not read, or offer to read, the promissory notes to the jury as against Mr. Plumley, whereupon the Court directed the jury that there was no evidence legally sufficient to entitle the plaintiff to recover as against him, and verdict and judgment was accordingly entered for both defendants.

Section 12 of Art. 51 of the Code of Public General Laws provides that in suits brought against alleged joint debtors in actions *ex contractu*, the plaintiff "shall be entitled to recover as in actions *ex delicto*, against such one or more of the defendants as shall be shown by the evidence to be indebted to him; and judgment shall be rendered in his favor against such one or more of said defendants, as fully as if the defendant or defendants against whom he shall fail to establish his claim had not been joined in the suit." Though it is not here specifically provided how the verdict shall be rendered and the judgment entered thereon, in event of recovery against some, and failure to recover against others, it necessarily results that the verdict must be rendered for the plaintiff as against some of the defendants, and for the other defendants against the plaintiff, and that the judgment on such verdict must conform thereto, since otherwise the verdict and judgment would not determine, to the full extent, the issues joined between the parties. We have not been able to discover any decided case under this section of the Code, but this practice is clearly indicated by analogy in the case of *Edelin* v. *Thompson*, 2 H. & G. 31, and by the practice in actions *ex delicto* generally.

Here we have only two defendants, jointly bound, if bound at all, one of whom admits his signature, while his co-defendant denies hers, so that if this case is to be governed exclusively by the requirements of sec. 312 of the charter of Baltimore City, without invoking also the provisions of Art. 75, sec. 23, sub-section 108, as contended by the appellee, Mrs. Plumley, the note offered in evidence was not admissible as against her, without proof of execution by her, but was admissible as against Mr. Plumley without proof of his signature, that being conclusively admitted as matter of law, because not denied either in the next succeeding plea, as required by Art. 75, sec. 23, sub-section 108, if that were applicable, or in the affidavit to the plea, as allowed by section 312 of the charter, if that is to control this case.

It will conduce to brevity as well as to clearness to consider the liability of Mr. and Mrs. Plumley as if they could have been, and were separately sued, and so considered, it is of course clear that the view taken by the Court as to Mrs. Plumley, was that *under her pleadings* the plaintiff was required to prove the execution of the note by her, before it could be received or be offered in evidence, or before any evidence whatever relating to said note could be received as against her, and this view we think was correct.

When this case was argued the question was an open one, but it has since been held in the *Farmers and Mechanics Nat. Bank of Westminster* v. *Hunter*, ante p. 148, in a similar case arising under the Local Practice Act of Carroll County, that a denial of defendant's signature, made in the affidavit annexed to the plea, is a sufficient denial to require proof of execution from the plaintiff, though the plea itself contained no denial, and that the procedure provided by that practice act was complete in itself and exclusive of Art. 75, sec. 23, sub-sec. 108. The Practice Act of Carroll County will be found to be identical with sec. 312 of the charter in every provision material to this case, and is almost identical in language. Without therefore repeating the views expressed in the case above mentioned, we refer to them as conclusively establishing that the

note offered in evidence was not admissible as against Mrs. Plumley, without proof of its execution by her ; and it follows without further consideration that all the rulings of the Court upon the evidence, so far as it could affect Mrs. Plumley, and its ruling upon the prayer directing the jury that there was no evidence legally sufficient to entitle the plaintiff to recover as against Mrs. Plumley, were correct.

Coming now to the admissibility of the note offered in evidence as against Mr. Plumley and of the subsequent questions relating thereto, the situation is altogether different. His signature having been nowhere denied in the record, must, in the language of sec. 312 of the charter, "be deemed to be admitted for the purposes of said cause," and this admission dispenses with proof of execution by him. The note was therefore admissible against him without any proof, as were also the various questions embraced in the exceptions from the 5th to the 14th inclusive. It is true that "where proof is offered generally, the party offering it is not required to declare the purposes specially for which it is offered, and it would be error to reject it if admissible for any purpose under the pleadings ; and that where evidence is offered for several purposes, and it is admissible for any one of them, a general objection will not be sustained." *Byers* v. *Horner*, 47 Md. 23.

In the case before us the note was offered generally, to prove the case against both defendants, though only admissible under the pleadings to establish the liability of one, and if the objection thereto could be fairly held to be a general one, and its exclusion by the Court to be a total exclusion, we should be constrained to hold there was error in such ruling. But we do not think the objection can be fairly so held in view of the qualified language restricting the effect of the objection, to Mrs. Plumley's liability. The ruling of the Court should be viewed in its relation to the character and extent of the objection, and ought not to be given a wider effect by the appellate Court than was designed by the objection, unless it clearly appears that the trial Court gave it such wider effect to the prejudice of the appellant. So viewed, we cannot re-

gard the exclusion of the note as total; we think the ruling of the Court only excluded it as evidence against Mrs. Plumley, and that under that ruling, plaintiff was at liberty to read to the jury *as evidence against Mr. Plumley*, not only that particular note, but any one of the ten notes sued on, none of the signatures thereto being denied ; and also that the rulings upon the various questions relating to said notes, operated only to exclude these questions as against Mrs. Plumley. There was therefore no error in any of these rulings.

This brings us to the ruling on the prayer instructing the jury that there was no evidence legally sufficient to entitle the plaintiff to recover as against Mr. Plumley. The plaintiff closed his case without reading to the jury the particular note referred to in the fourth exception, which we have said he was at liberty to put in evidence under that ruling, and without offering to read any of the notes declared on, although under that ruling he could have offered all these notes. The jury knew nothing whatever about these alleged notes, neither the amounts alleged to be secured thereby, nor when such amounts were due and payable. They did not even know that they were obligations for the payment of money, and they were absolutely without evidence from which to find that anything whatever was due from Mr. Plumley to the plaintiff.

It does not appear why this course was pursued by the plaintiff, but it does appear that it was not inadvertent, because after closing his case when invited by Mrs. Plumley's counsel to proceed with the issues as to Mr. Plumley he declined to proceed further, saying, "We have produced all our testimony."

In this situation the Court was clearly correct in its ruling on the prayer as to the right of recovery against Mr. Plumley.

*Judgment affirmed with costs above and below.*

(Decided April 22nd, 1903.)