MILLISON *v.* CITIZENS NATIONAL BANK
OF SOUTHERN MARYLAND

[No. 150, September Term, 1969.]

*Decided January 9, 1970.*

The cause was argued before HAMMOND, C. J., and MC-WILLIAMS, FINAN, SINGLEY and DIGGES, JJ.

*Edward P. Camus,* with whom was *Charles A. Norris* on the brief, for appellant.

*Ernest N. Cory, Jr.,* with whom were *Cory, Boss & Rice* and *Paul J. Bailey* and *Joseph D. Weiner* on the brief, for appellees.

DIGGES, J., delivered the opinion of the Court.

After the demurrers filed by appellee, Citizens National Bank of Southern Maryland (Bank), and two of

six codefendants were sustained, appellant, Jay Laurence Millison, filed his amended bill of complaint containing three counts. The first count has fifteen paragraphs making numerous factual allegations. It seeks to have declared that one of the defendants, Containerization, Inc., holds property as constructive trustee for the benefit of Millison and seeks further equitable relief against both Containerization, Inc. and another defendant, George M. Green. The second and third counts are in law and incorporate by reference the factual allegations of the first count. The second count seeks both compensatory and exemplary damages from the "Defendants" for their intentional and malicious interference with appellant's contract for the purchase of approximately one-half acre of land from the defendant Green, resulting in plaintiff's loss of this property. In the third count the appellant likewise seeks both compensatory and exemplary damages from the "Defendants" because of their entering into a conspiracy to prevent the plaintiff from becoming the owner of said realty with the result that he not only lost ownership of the real estate but a valuable lease for a department store and restaurant to be constructed thereon. The questions raised by this appeal are procedural and not substantive and therefore the facts can be briefly summarized.

It is alleged in the amended complaint that the plaintiff disclosed to one of the defendants, Daugherty, as president of the Bank, that he had an option to purchase approximately one-half acre of land in Lexington Park, St. Mary's County, Maryland, and requested the Bank's aid in financing the purchase. It is alleged that Daugherty used this information not for the purpose of arranging the requested loan, but to have his solely owned corporation, Containerization, Inc., with the knowledge and consent of the Bank, acquire title to the property. There is a further allegation that three other named defendants aided in Daugherty's plan to deprive the plaintiff of the benefits of his contract.

All of the defendants, with the exception of Daugh-

*erty and Containerization, Inc.,* demurred generally to the amended complaint but not separately to each count.[1] The remaining two defendants answered the complaint.

At the time of the hearing before Judge Bowen on March 11, 1969, after argument, all demurrers filed by the defendants, with the exception of that of the Bank, were withdrawn. The demurrer of the Bank initially was "overruled generally" with leave to file an appropriate pleading in fifteen days. In making this ruling Judge Bowen stated:

> "I think the allegations here support a cause of action against the Bank, on the first count. The conspiracy counts and the malicious or intentional interference counts, I don't believe that you can; . . . I will say, that I overrule the Demurrer . . . [to] the first; overruled the Demurrer because I find that the first count states a cause of action against the Bank. Let's stand on that. That's not going to get me anywhere, because Mr. Cory is going to get up and say that I demurred separately to the second and third counts. Is that what you have in mind to do? I can't find it.
>
> "MR. WEINER [Attorney for Bank]: You have demurred to each and every count, Your Honor. There aren't any left over to demurrer.
>
> "JUDGE: Well gentlemen, if that being the case the Court sustains the demurrer . . . [of] the Bank . . . [to] the second and third counts. Overrules as to the first count. The Bank will have fifteen (15) days within which to plead to the first count." [2]

---

1. The record shows that there was a general demurrer and not a demurrer to each count. Where there are several counts and a general demurrer is filed, if one count is good in substance the demurrer must be overruled. 1 Poe, *Pleading,* Section 588; *White Automobile Co. v. Dorsey,* 119 Md. 251, 86 A. 617 (1913); *United Surety Co. v. Summers,* 110 Md. 95, 72 A. 775 (1909).

2. This was error, see note 1 *supra.*

The plaintiff's attorney observed that the sustaining of the demurrer to the second and third counts might be a final order compelling an immediate appeal. The Bank's attorney then observed that the filing of the case had caused the Bank considerable harm and they would like very much to have the matter promptly terminated. Whereupon Judge Bowen stated:

> "Well let's change it then, gentlemen, from Demurrer. Let's say that the demurrer is overruled generally. That will be docketed, Madam Clerk, 15 days within which to plead. Now, Mr. Cory, I think if you move to strike counts two and three as to the Bank; one motion will be a motion made during the course of the trial, and two of them have already been filed.

> "MR. CORY: All right, we accept that motion right now. If it please the Court, based upon the Court's order to sustain, to overrule the Demurrer generally, the Citizens National Bank moves to strike count No. 2 and No. 3 of the Amended Bill of Complaint in the case of Millison vs. Green, being Equity No. A-3247.

> "THE COURT: In order to preserve the defendant's right to appeal on these two counts.

> "MR. CAMUS: Plaintiff.

> "THE COURT: The Court treats this motion as an interlocutory motion ruling made during the course of trial and grants it and those counts will be stricken as surplusage in the Bill of Complaint insofar as it pertains to the defendants, Citizens National Bank of Maryland. That is all the record we have here. That is all the motions we have considered then."

Subsequent to this hearing, on March 14, 1969, the Bank filed a motion for summary judgment as to count one, the only count remaining against it. The court verbally granted this motion and ordered judgment entered

in favor of the Bank for costs. These actions on the part of the trial court resulted in the plaintiff's noting an appeal to this Court. Mention is made of the fact that the record discloses that the rulings appealed from were contained in an oral opinion delivered from the bench. A notation was made on the docket but no written order appears to have been entered. We have previously held on a number of occasions that an appeal will lie in equity "only from a final decree or an order in the nature of a final decree entered by a court of equity, which presupposes a written decree or order, and not from the opinion of the court." *Bell v. Shifflett*, 249 Md. 104, 238 A. 2d 533 (1968), and cases cited therein. We now, however, as we did in *Bell*, take the position that this Court need not necessarily dismiss an appeal "if it appears that a dismissal is not in the interest of justice."

Because of the confusion that seems to have existed, brought about by the great number of oral motions that were made, we believe it appropriate that we point out some of the errors committed in order that this litigation may be finally terminated, rather than dismiss this appeal.

The appellant concedes that the action of the trial court in granting the motion for summary judgment pertaining only to the first count of the complaint was correct as he had sought no relief against the Bank in that count. He, however, challenges the action of the court in striking counts two and three from the complaint, particularly since only a few moments before this ruling was made, Judge Bowen had overruled the demurrer with leave to the Bank to plead within fifteen days. It appears that Judge Bowen was attempting to be consistent because each time the matter was before him he expressed the view that the plaintiff had alleged no valid cause of action against the Bank under counts two and three. He did at one time express the feeling that a valid claim, subject to proof, had been made under count one. The motion to strike counts two and three was suggested

as a device to permit a trial on all other issues and still preserve for all the parties a right of review by this Court after the trial. We think the procedure followed in the instant case was erroneous.[3]

Confusion in the procedural aspects of this case was almost inevitable in view of the many oral motions and countermotions made. In fact at one time there were so many motions pending, that Judge Bowen wisely refused to permit new motions until those already made were heard. He observed: "This is a clear illustration of what sort of wilderness you can get into when you start to depart from the operation of the rules. And it seems to me that the best way to handle that matter is to go back and make everybody follow the rules as they are written in the rule book, following the exceptions and modifications or changes." We concur fully with this statement, although we are compelled to find the procedure suggested by Judge Bowen, of filing a motion to strike counts two and three, was itself not authorized by the Maryland Rules.

The defendant Bank apparently relies on Maryland Rule 322 as authorizing this procedure.[4] Rule 322 reads as follows:

> "A motion that any pleading be not received either because it is filed too late or is not properly verified, or for any other reason, as well as any motion to strike out any preceding motion for any reason, may be made either by a motion *ne recipiatur* or by a motion to strike, or both."

Before the adoption of Rule 322 a motion *ne recipiatur*

---

3. In passing we note that plaintiff's attempt to join a suit in equity with actions at law is also erroneous procedure. See *Osborn v. Swetnam*, 221 Md. 216, 220, 156 A. 2d 654 (1959). Maryland Rule 1 d reads: "These Rules shall not be interpreted to affect the existing distinction between law and equity."

4. Maryland Rules also authorize the use of a motion to strike (a) if pleading contains unnecessary or improper matter but is not otherwise formally deficient, Rule 301 i; (b) striking out appearance of attorney, Rules 125 and 751; and (c) striking out order of appeal, Rule 813.

was proper to prevent filing of any pleading that was not entitled to be filed, either because of time limitations or because it was deficient in form. If such a pleading had been filed, however, it would have been necessary to use a motion to strike in order to remove it from the record. *Simmons v. State,* 165 Md. 155, 167 A. 60 (1933) ; *Horner v. Plumley,* 97 Md. 271, 54 A. 971 (1903) ; *Spencer v. Patten,* 84 Md. 414, 35 A. 1097 (1896). The Maryland rule was designed to abolish this technical distinction between the two motions and permit either one or both to be used. However, a motion to strike under this rule has limited uses and the attempted use here is not one of them. *McCormick v. Church,* 219 Md. 422, 149 A. 2d 768 (1959). In *McCormick* there was a tort action against several defendants. Motions to quash service and motions to strike the declaration as to certain defendants were filed. Included in the motions to strike were matters that challenged the sufficiency of the declaration. We said at page 428 in discussing Rule 322 :

> "The fact that the Rule states that the motions *ne recipiatur* and to strike may be used, individually, in the alternative, or in combination 'for any purpose,' if intended to extend their former scope at all, would not seem to reach so far as to permit them to serve the office of a demurrer, plea, or motion for summary judgment . . . ."

In the instant case it is clear that the motion to strike seeks to serve the office of a demurrer, and therefore we conclude that the trial judge erred in granting it.

Accordingly, the action of the trial court in striking counts two and three will be reversed and the case remanded for further proceedings. The summary judgment in favor of the defendant Bank will be affirmed. With this ruling the posture of the case is that there exists a claim of the plaintiff against the Bank as well as the other defendants under counts two and three with leave

to file an appropriate pleading within fifteen days, and the equitable claim under count one still remains as to all the defendants except the Bank. By this statement we are not to be understood as expressing an opinion as to the legal sufficiency of the allegations contained in any of these counts.

On remand it may be appropriate to transfer the suit under counts two and three to the law side of the court as authorized by Rule 515. See *Osborne v. Swetman,* 221 Md. 216, 156 A. 2d 654 (1959).

> *Judgment in favor of Citizens National Bank of Southern Maryland under count one affirmed. Judgment in favor of defendant bank under counts two and three reversed. Case remanded for further proceedings. Costs to be paid by appellee.*