## DOUG-DUN CORPORATION *v.* JAMES SIMMS

[No. 644, September Term, 1975.]

*Decided May 5, 1976.*

The cause was argued before MORTON, DAVIDSON, MOORE and MELVIN, JJ.

Submitted on brief by *Joseph Charles Jacobs* and *David R. Cuttler* for appellant.

*Russell C. Milburn* for appellee.

MOORE, J., delivered the opinion of the Court.

The sole issue on this appeal is whether the Chancellor

committed reversible error when he dismissed appellant's bill of complaint for injunctive and other relief after a hearing on appellee's motion *ne recipiatur*.

The record does not contain any transcript of the proceedings below. The appeal is before us on appellant's bill of complaint with attached exhibits, the motion *ne recipiatur* and objection thereto and the court's "Memorandum of Opinion." We glean from the bill of complaint and exhibits that appellant was a tenant of appellee, operating a restaurant business in Severna Park, Anne Arundel County. Following extensive damage to the premises by fire, appellant and appellee entered into negotiations for the sale of the business, including a liquor license, and the leasing of the premises to a third party. These negotiations failed, however, and the landlord brought an action for summary ejectment in the District Court for Anne Arundel County and recovered a judgment on February 13, 1975 in the sum of $4500.00, representing rentals past due. No timely appeal from that judgment was made within the two-day period prescribed by § 8-401 (f), Annot. Code of Md., Real Prop. Art. (1975 Cum. Supp.).

On February 19, 1975, tenant-appellant's counsel mailed to counsel for appellee an uncertified check in the amount of the judgment. This was, of course, an attempted exercise by the tenant-appellant of his right to redemption of the leased premises pursuant to § 8-401 (e) of the aforesaid Article which provides:

> "— the **tenant** shall have the right to redemption of the leased premises by tendering *in cash, certified check or money order* to the landlord or his agent all past due rent and late fees, plus all court awarded costs and fees, at any time before actual execution of the eviction order." (Emphasis added.)

Since the proffered payment did not comply with the above provisions the landlord-appellee exercised his rights of repossession of the premises by filing a petition for a

Warrant of Restitution on February 17, 1975 and the warrant was duly filed and issued the same day.

Appellant's bill of complaint alleged substantially the above facts and claimed that the repossession of the restaurant premises was unlawful. It sought an injunction against the landlord's interference with the use and enjoyment of the premises as well as damages for trespass and for interference with and interruption of the restaurant business.

The motion *ne recipiatur* interposed by the landlord-appellee under Maryland Rule 322 asserted as grounds for the motion that the judgment in the District Court of Maryland was *res judicata* and also that there was an adequate remedy at law. On June 17, 1975, after a hearing on the motion *ne recipiatur* held in open court on June 13, 1975, it was ordered that the motion *ne recipiatur* "is sustained and the bill of complaint is dismissed without leave to amend, with costs of suit to be paid by complainant." In the memorandum which accompanied the Order, the Chancellor wrote:

> "The plaintiff, having failed to allege any facts which would bring himself within the purview of the statute, and having been evicted before complying with the payment provisions of the statute, it is difficult to see how this court could find a basis for equitable relief.
>
> "It follows, therefore, that the defendant's motion should be granted and the bill of complaint dismissed with costs to the defendant."

It is apparent that the Chancellor disposed of the bill of complaint as if the case were before the court on a demurrer or a motion for summary judgment.[1] Maryland Rule 322 entitled, Motion Ne Recipiatur or to Strike, is as follows:

> "A motion that any pleading be not received

---

[1]. We are told in the landlord's brief that "at the time of the hearing, counsel for appellant went far beyond a strict technical pleading question as to the use by appellee of a motion *ne recipiatur* by arguing against the

either because it is filed too late or is not properly verified, or for any other reason, as well as any motion to strike out any preceding motion for any reason, may be made either by a motion *ne recipiatur* or by a motion to strike, or both."

In a footnote to a discussion of motions *ne recipiatur* the editor of Poe's *Pleading and Practice* poses the question:

"Since under Rule 322 the motion may be filed because a pleading is too late, improperly verified 'or for any other reason,' may such a motion be filed to raise the legal sufficiency of a pleading as 'any other reason' ? " [2]

This question must be answered in the negative. The case of *Millison v. Citizens National Bank of Southern Maryland,* 256 Md. 431, 260 A. 2d 324 (1970) is dispositive of the issue. There the Court of Appeals ruled that it was reversible error for a trial court to grant a motion *ne recipiatur* where the motion had been used for the same purpose as a demurrer, *i.e.,* to test the sufficiency of the pleadings. The court relied upon *McCormick v. St. Francis de Sales Church,* 219 Md. 422, 149 A. 2d 768 (1959) where Judge Henderson stated:

"The fact that the Rule states that motions *ne recipiatur* and to strike may be used individually, in the alternative, or in combination 'for any purpose,' if intended to extend their former scope at all, [[3]]

---

grounds set forth in the motion and delving deeply into the contents of his bill of complaint and the details surrounding the case in the District Court." As previously stated, however, the extent of and the effect of the participation by appellant in the hearing below on the motion *ne recipiatur* is not before us, no transcript having been made.

**2.** Poe's Pleading and Practice § 668, n.4 at 385 (6th ed. 1970).

**3.** As Judge Digges observed in Millison v. Citizens Bank of Southern Maryland, 256 Md. 431, 437-38, 260 A. 2d 324 (1970):

"Before the adoption of Rule 322 a motion *ne recipiatur* was proper to prevent filing of any pleading that was not entitled to be filed, either because of time limitations or because it was deficient in form. If such a pleading had been filed, however, it would have been necessary to use a motion to strike in order to remove it from the record. . . . The Maryland rule was designed to abolish this technical distinction between the two motions and permit either one or both to be used." (Citations omitted.)

would not seem to reach so far as to permit them to serve the office of a demurrer, plea, or motion for summary judgment. . . ." 219 Md. at 428.

As the tenant-appellant's "opposition" to the motion *ne recipiatur* in the instant case correctly maintained, the defense of *res judicata* may not properly be raised by a motion *ne recipiatur*. In an action at law, the better practice is to plead it specially. 2 Poe's *Pleading and Practice* § 655 at 354 (6th ed. 1970); but it may be set up under the general issue. *Brooke v. Gregg*, 89 Md. 234, 43 A. 38 (1899). In equity, it will, of course, be asserted in the answer. At law and in equity, if appropriate to the allegations of the declaration or the bill of complaint, the defense may be asserted by demurrer (Md. Rules 345, 373, *see, Moodhe v. Schenker*, 176 Md. 259, 4 A. 2d 453 (1939)); and certainly it may be asserted at law or in equity by a motion for summary judgment under Maryland Rule 610.[4]

Here, in granting the landlord-appellee's motion *ne recipiatur* and dismissing the bill of complaint the court made a final disposition as if there had been a hearing on the merits or upon either a demurrer or motion for summary judgment. Upon the basis of the rulings of the Court of Appeals above cited, we have no alternative but to reverse and remand for further proceedings.

> *Decree reversed; case remanded for further proceedings not inconsistent with this opinion; costs to be paid by appellee.*

---

4. Appellee's counsel suggests in brief that the defense may be raised by preliminary objection, citing Frontier Van Lines, Inc. v. Maryland Bank and Trust Company, 274 Md. 621, 336 A. 2d 778 (1975) and informs us that he made an oral motion to change the motion *ne recipiatur* to a motion raising preliminary objection but the Chancellor did not rule on his motion. We observe that while the opinion in the *Frontier* case discloses that a motion raising preliminary objection was made by the appellee bank "grounded on *res judicata*" the appropriateness of the motion raising preliminary objection was not contested. Furthermore, we fail to discern that *res judicata* is one of the defenses enumerated under Maryland Rule 323 which lists specific defenses which may, at the option of the pleader, be made by motion.