JOSEPH I. GOLDSTEIN ET UX. *v.* PENINSULA BANK

[No. 520, September Term, 1978.]

*Decided January 12, 1979.*

The cause was argued before MELVIN, LISS and WILNER, JJ.

*Stanton J. Levinson,* with whom were *Gary A. Goldstein* and *Schimmel & Tatelbaum, P.A.* on the brief, for appellants.

*Alexander G. Jones,* with whom were *Jones & Jones* on the brief, for appellee.

LISS, J., delivered the opinion of the Court.

On October 31, 1974, the appellants, Joseph I. Goldstein and his wife, Shirley H. Goldstein, executed a demand note to the appellee, Peninsula Bank, in the amount of $125,000.00, providing for interest at the rate of ten percent per annum until the obligation was paid in full. The note authorized a judgment by confession upon default "for any amount which may then be due on this obligation with costs of suit and ten percent, collection charges, and also in behalf of them [the makers of the note] to waive and release all errors and all right to prosecute a petition in error upon such judgment or proceedings."

As collateral security for the repayment of the indebtedness, the appellants deposited with the bank a "hypothecation of ship mortgage by Paul Curtis Stokes, Jr. on the vessel Sea Filly IV." The demand note empowered the bank

> for the purpose of liquidating any liability of the maker or makers and endorser or endorsers to the holder or holders hereof, and of all interest and costs thereon, to sell, transfer and deliver the whole or any part of such collaterally deposited property or any additions thereto or any substitutions therefor, without any previous demand upon the maker or makers and endorser or endorsers hereof, and without advertisement or notice, either at broker's board or public or private sale, at any time. . . .

When the appellants defaulted in the payment of the stipulated interest and failed to make any payment on account

of the principal, the bank caused a judgment by confession to be entered on December 27, 1977 in the Circuit Court for Calvert County in favor of Peninsula Bank against the appellants in the amount of $134,166.67 with interest from date and the additional sum of $13,416.67 representing collection fees and costs. Appellants were duly notified as required by Maryland Rule 645 b, and on January 18, 1978, they filed a motion to strike the judgment by confession. On February 16, 1978, appellants served a series of initial interrogatories on the appellee seeking discovery as to what disposition had been made of the collateral security for the loan. On March 6, 1978, a stipulation and order was filed extending the time for the bank to file its answers to the interrogatories. On March 31, 1978, appellee filed a new motion extending the time for answers to the interrogatories and on the same date filed a motion ne recipiatur as to the appellants' motion to strike the confessed judgment. The grounds for the motion ne recipiatur as stated by the appellee were that appellants had failed to comply with the provisions of Rule 645 c which required the appellants to set forth fully the facts relied upon to indicate the appellants had a meritorious defense to the confessed judgment suit, and that the appellants failed to attach to their motion to strike judgment by confession a statement of points and citation of main authorities, as required by Rule 319.

On May 4, 1978, after a hearing in open court, the trial judge granted the appellee's motion ne recipiatur and denied the appellants' motion to strike the judgment by confession without leave to amend. It is from these judgments that this appeal was filed.

Two issues are raised by the appeal. They are as follows:

(1) Assuming, *arguendo,* that the motion to strike the confessed judgment in this case was not in proper form as required by the Maryland Rules of Procedure, were the appellants entitled to a reasonable opportunity to file an amended motion to strike the confessed judgment?

(2) Were the appellants entitled to discovery prior to the disposition of the motion to strike the confessed judgment?

We shall answer both of these questions in the affirmative and shall reverse the judgments in this case.

## (1)

The controversy in the case *sub judice* must be considered in the light of the applicable Maryland Rules of Procedure. Rule 645 c which is concerned with judgments by confession, provides:

> Application to vacate, open or modify the judgment must be made by motion within 30 days after service of the summons. The motion shall be made on the ground that the defendant has a meritorious defense to the cause of action. It shall set forth fully the facts relied on for such defense. A copy of the motion shall be served on the plaintiff or his attorney. If no application is made within the time allowed, the judgment shall stand to the same extent as a judgment absolute entered after trial.

Rule 319 states:

> Every motion (except a motion for new trial or judgment n.o.v.), demurrer or other preliminary matter requiring action by the court, shall contain or be accompanied by a statement of points and citation of main authorities, which shall be served on opposing counsel, together with the demurrer or motion. . . .

Rule 322 provides:

> A motion that any pleading be not received either because it is filed too late or is not properly verified, or for any other reason, as well as any motion to strike out any preceding motion for any reason, may be made either by a motion *ne recipiatur* or by a motion to strike, or both.

It is conceded by appellants that their motion to strike the judgment by confession was defective in that it was not

accompanied by a citation of main authorities. The trial judge concluded that the motion was further defective in that while it stated the appellants had a meritorious defense, it failed to set forth fully the facts relied on for such a defense. Appellants in their motion and in an affidavit made by Joseph I. Goldstein filed with the appellants' motion alleged that the appellees had received as collateral security the hypothecation of a ship's mortgage on a vessel known as Sea Filly IV. They alleged further that the appellee had released the collateral and permitted it to be removed from its jurisdiction, thereby impairing the rights of the endorsers so as to release them from all liability. The motion did not, however, give the factual situation surrounding the release of the collateral. Appellants argued that they were caught in a "Catch-22" situation in that the facts were entirely within the knowledge of the bank, and that in the absence of discovery they were unable to give any further factual information to support their allegation that they had a meritorious defense. The appellee, at the ne recipiatur hearing, admitted the ship's mortgage had been released and the vessel permitted to leave the jurisdiction, but it made no proffer as to the terms of the release of the collateral. The trial judge apparently focused his attention on the fact that the collateral did not belong to the appellants, and that it was admitted the loan to appellants was in default. He said, in the course of his discussion with counsel:

> What is your defense that you don't owe these people a hundred and twenty-five thousand? That's all I want to know.

> * * *

> Somebody got a hundred and twenty-five thousand dollars from this bank. Tell me why the bank shouldn't be repaid the hundred and twenty-five thousand dollars. That's all I want to know.

The court was correct in granting the motion ne recipiatur because of the failure of appellants to comply with Rule 319. The court was incorrect, however, when it elected to treat the

motion ne recipiatur as if it were a demurrer or a motion for summary judgment.

In *Millison v. Citizens National Bank of Southern Maryland,* 256 Md. 431, 260 A. 2d 324 (1970), the Court of Appeals held it was reversible error for a trial court to grant a motion ne recipiatur where the motion had been used for the same purpose as a demurrer, *i.e.,* to test the sufficiency of the pleadings. The Court relied upon *McCormick v. St. Francis De Sales Church,* 219 Md. 422, 149 A. 2d 768 (1959), where it stated:

> The fact that the Rule states that motions *ne recipiatur* and to strike may be used, individually, in the alternative, or in combination "for any purpose," if intended to extend their former scope at all, would not seem to reach so far as to permit them to serve the office of a demurrer, plea, or motion for summary judgment . . . . 219 Md. at 428.

*Accord, Paltrow v. Paltrow,* 37 Md. App. 191, 376 A. 2d 1134 (1977), *aff'd on other grounds,* 383 Md. 291 (1978); *Doug-Dun Corp. v. Simms,* 31 Md. App. 350, 357 A. 2d 392 (1976). *See* 2 Poe, Pleading Sec. 668, at 384-85 (1970).

Appellants urge that under the Maryland version of the Uniform Commercial Code they are entitled to certain specific remedies, and that the bank is subject to certain obligations with regard to the disposition of collateral. *See* Maryland Code (1975) Sections 3-606, 9-501, 9-504, 9-507 of the Commercial Law Article. We express no opinion as to whether these rights and obligations could amount to a meritorious defense to the confessed judgment entered against the appellants. Neither the court below nor this Court had before it any of the information concerning the terms of the release of the collateral.

At the conclusion of the oral argument and after the trial court had ruled that the "motion ne recipiatur [was] granted and the motion to strike the judgment by confession on behalf of the defendants [was] denied," counsel for the appellants queried, "Do we now then not have the right to more particularly file within fifteen days another motion to strike

the judgment?" The court replied, "It is my order that there is a final judgment in this case in favor of the plaintiffs (appellees) against the defendants (appellants) in the amount of $134,166.67." We think this ruling was error in the light of the decisions of the Court of Appeals which have stated that the movant's burden in attempting to strike a confessed judgment is intended to be a minimal one, and that the equitable discretion of the court regarding such an attempt should be exercised liberally in favor of the debtor. *See, e.g., Billingsley v. Lincoln National Bank,* 271 Md. 683, 320 A. 2d 34 (1974); *Stankovich v. Lehman,* 230 Md. 426, 187 A. 2d 309 (1963); *Remsburg v. Baker,* 212 Md. 465, 129 A. 2d 687 (1957).

The court's refusal to permit the filing of an amended motion to strike the confessed judgment was also in direct contravention of the oft repeated statement by the Court of Appeals that leave to amend should be freely granted in order to promote justice. *Crowe v. Houseworth,* 272 Md. 481, 325 A. 2d 592 (1974); *Jacobson v. Julian,* 246 Md. 549, 229 A. 2d 108 (1967); *Staub v. Staub,* 31 Md. App. 478, 356 A. 2d 609 (1976).

Rule 320 of the Maryland Rules of Procedure provides for great liberality in the allowance of amendments in order to prevent the substantial injustice of a cause from being defeated by formal slips or slight variances. In view of these principles of the law, we think it was an abuse of discretion not to permit the appellants an opportunity for discovery nor to permit them to refile their motion to strike the confessed judgment within a reasonable time after the completion of discovery.

(2)

In its motion to extend the time to file answers to the defendants' (appellants') initial interrogatories, the appellee stated:

That the answers to said interrogatories are not necessary to the conduct of the hearing scheduled for May 4, 1978 and will not be necessary at all if the Court, after hearing, grants the Plaintiff's Motion

Ne Recipiatur and denies the Defendants' Motion to Strike Judgment by Confession.

We do not agree with that contention. The issue is whether the parties are entitled to discovery under Rules 400-425 pending disposition of the defendant's motion to vacate a confessed judgment under Rule 645. The bank's contention is that there may be no discovery unless or until the confessed judgments are opened, vacated or modified. Rule 400 a, however, provides that Rules 400-425 shall apply to all actions and Rule 5 a provides, in pertinent part, that an " 'action' shall include all the steps by which a party seeks to enforce any right in a court of law or equity."

The particular issue has been sparsely considered by the courts. In a series of cases [1] in the Superior Court of Baltimore City, Judge David Ross, the assigned discovery judge of the Supreme Bench of Baltimore, had before him the question whether discovery is available during the pendency of a motion under Rule 645 to vacate, modify or set aside a confessed judgment. Judge Ross, in reaching the conclusion that discovery was available, said:

> While it is true that a confessed judgment has, from the date of its entry, all the incidents of a final judgment [citation omitted], recognition of its unique character is demonstrated by the existence of Maryland Rule 645. Of particular significance is the fact that Maryland Rule 645 d clearly contemplates an evidentiary hearing on the motion to vacate. It is difficult to conceive of any reason why discovery would not serve the same useful purpose in connection with such a hearing that it does with respect to the trial of any issue. A motion to vacate a confessed judgment is a step by which a defendant seeks to enforce a right and it would thus seem to fall within the Section 5 a definition of an action. *Maryland Discovery Opinions,* at 363.

---

**1.** Citizens National Bank v. National Management and Investors; Citizens National Bank v. First United Investment Corp.; Citizens National Bank v. First United Investment Corp. Daily Record, May 22, 1974, *Maryland Discovery Opinions* 363.

The need for such discovery proceedings could not be more clearly demonstrated than the factual posture of this case. It is admitted that the appellee released the collateral security for the payment of this loan. No information was offered as to the terms of that release. Neither the trial judge nor the appellants had any knowledge of the terms of release. Whether any credit was due on account of the principal indebtedness by reason of the arrangement between the owner of the collateral security and the bank was left within the sole knowledge of the bank. The debtors were placed in the position of filing a motion to vacate the confessed judgment on the basis of a meritorious defense but were prevented from determining the facts, if any, which substantiated that defense by reason of the appellee's refusal to disclose facts entirely within its own knowledge. The appellants had no prior opportunity for discovery until the confessed judgment was filed. We conclude that discovery is available during the pendency of a motion under Rule 645 to vacate, modify or set aside a confessed judgment with the scope of discovery limited to the issues raised in the motion to vacate.

We shall reverse the judgment entered in this case and shall remand to permit the appellee to answer the interrogatories pending, and appellant shall have such reasonable time as the trial judge shall determine to file an amended motion to vacate after the interrogatories have been answered.

> *Judgment reversed, case remanded for further proceedings; costs to be paid by appellee.*